IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD. | § § § | |
| Plaintiff, | § § | CAUSE NO.: 4:09-cv-2722 |
| v. | § § | |
| EXXON MOBIL CORPORATION | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff files this Complaint for patent infringement against Exxon Mobil Corporation ("Exxon") and for its cause of action states the following:

**THE PARTIES**

1. Plaintiff Rydex, Ltd. ("Rydex") is a corporation organized under the laws of the State of Iowa. Rydex's principal place of business is Mitchellville, Iowa.

2. Defendant Exxon Mobil Corporation is a corporation incorporated under the laws of the State of New Jersey. Its principal place of business is Dallas, Texas. Defendant Exxon may be served with this Complaint through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**JURISDICTION AND VENUE**

3.  This is an action for violation of the patent laws of the United States, 35 U.S.C. § 1 et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) in that the Defendant does business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling Plaintiff to relief.

**INFRINGEMENT OF U.S. PATENT NO. 5,204,819**

4.  On April 20, 2003, United States Letters Patent No. 5,204,819 (the "'819 patent") was duly and legally issued to Michael C. Ryan for an invention titled *Fluid Delivery Control Apparatus*. The Patent was the subject of a reexamination proceeding that culminated on November 21, 2006 with the issuance of an *ex parte* reexamination certificate. On or about August 21, 2009, Mr. Ryan assigned all rights, title and interest in and to the '819 Patent to Rydex. Rydex is the sole assignee of the '819 Patent and owns all right, title and interest thereto. A true and correct copy of the '819 Patent is attached as Exhibit A to this Complaint.

5.  The '819 Patent relates generally to an apparatus for controlling the delivery of a fluid to a container or reservoir and, more specifically, to an apparatus for the exchange of security, identification, and transaction information between a container, such as a fuel or other fluid storage tank, and a fluid delivery system.

6.  Rydex, Ltd. is owned and operated by its President and CEO Michael C. Ryan. Mr. Ryan originally conceived of the invention claimed in the '819 Patent to prevent fuel theft in his construction business. Rydex was formed to build, promote, capitalize and apply the unique solutions Mr. Ryan conceived in using RFID in fluid delivery control.

7. Exxon is the world's largest publicly traded international oil and gas company. Among its many businesses, Exxon is a leading supplier of gasoline in the United States, selling more than 60MM gallons of gasoline per year. These sales contributed, in part, to Exxon's $55B in revenue in 2008 alone. One way Exxon markets and sells its gasoline products is through the use of the Speedpass system. Speedpass is a "contactless" payment system that provides members with a quick and easy way to pay for purchases at participating Exxon and Mobil stations nation-wide. The Speedpass key tag has a built-in chip and radio frequency antenna that allows it to communicate with Speedpass readers at gasoline pumps, convenience store terminals, and car wash kiosks at Exxon and Mobil locations. A user of the Speedpass system simply passes his or her Speedpass key tag in front of the reader which initiates the automatic transmission of a unique identification and security code to the Speedpass payment system so the user's account can be located. The user's payment is instantly processed using the credit/debit card that is linked to the user's Speedpass key tag. The Speedpass system may also be used in conjunction with fleet fueling.

8. Exxon has infringed and continues to infringe the '819 patent by its manufacture, use, sale and/or offer for sale of Exxon's Speedpass products and services. Exxon also contributes to and induces others to manufacture, use, sell, import, and/or offer for sale products and services that infringe the '819 Patent. Exxon is liable for its infringement of the '819 patent pursuant to 35 U.S.C. § 271.

9. Exxon has violated and continues to violate 35 U.S.C. § 271 (a), (b), (c), and (f). Specifically, Exxon has continued to make, use, sell, and offer to sell products that infringe the claims of the '819 Patent. Exxon also continues to contribute to and induce infringement by others, without a license under the Patent.

10. Exxon's acts of infringement are irreparably harming and causing damage to Rydex.

11. Exxon's conduct is willful and deliberate. On or about August 16, 1999, Exxon, became aware of the '819 Patent when it was notified by Rydex of the existence of the '819 Patent and invited to engage in negotiations for a license there under. Exxon did not take a license under the '819 Patent. Fully aware of the existence of the '819 Patent, Exxon chose to market its infringing products in direct violation of Rydex's rights under the '819 Patent.

12. As a result of Exxon's willful and deliberate misconduct, Plaintiff seeks an enhancement of its damages pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

A. Plaintiff seeks a declaration that Exxon has infringed and continue to infringe United States Patent No. 5,204,819.

B. Plaintiff seeks an award of damages arising out of Defendant's infringement of United States Patent No. 5,204,819, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof.

C. Plaintiff seeks an award of their attorney fees, costs, and expenses pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D. Plaintiff seeks an order permanently enjoining Exxon and its respective officers, agents, employees and those acting in privity with it, from further infringement of United States Patent No. 5,204,819.

E. Plaintiff seeks such other and further relief as the Court may deem just and proper.

DATED: August 24, 2009

Respectfully submitted,

/s/ Stephen F. Schlather_____
Edward W. Goldstein – Lead Attorney
Texas Bar No. 08099500
Matthew J.M. Prebeg
Texas Bar No. 00791465
Stephen F. Schlather
Texas Bar No. 24007993

GOLDSTEIN, FAUCETT & PREBEG L.L.P
1177 West Loop South, Suite 400
Houston, Texas 77027
Telephone: (713) 877-1515
Facsimile: (713) 877-1737
E-Mail: egoldstein@gfpiplaw.com
　　　　　mprebeg@gfpiplaw.com
　　　　　sschlather@gfpiplaw.com

*ATTORNEYS FOR PLAINTIFF*