IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-2722 |
| | § | |
| | § | JURY TRIAL DEMANDED |
| EXXON MOBIL CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### EXXON MOBIL CORPORATION'S ANSWER, DEFENSES AND COUNTERCLAIMS TO RYDEX, LTD.'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant Exxon Mobil Corporation ("Exxon Mobil"), by and through its undersigned counsel, files its Answer, Defenses, and Counterclaim to the Original Complaint ("Complaint") of Rydex, Ltd. ("Plaintiff").

### GENERAL DENIAL

Pursuant to FED. R. CIV. P. 8(b), Exxon Mobil denies all averments of Plaintiff, except as specifically admitted below.

### SPECIFIC DENIALS AND RESPONSES

1. With respect to paragraph 1 of the Complaint, Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

2. With respect to paragraph 2 of the Complaint, Exxon Mobil denies that its principal place of business is in Dallas, Texas. Exxon Mobil admits the remainder of the allegations of paragraph 2.

3. With respect to paragraph 3 of the Complaint, Exxon Mobil admits that Plaintiff purports to pursue claims for patent infringement and, accordingly, this action arises under the

patent law provisions of Title 35, United States Code. Exxon Mobil denies the merits of Plaintiff's patent claims. Exxon Mobil admits that the Court has subject matter jurisdiction over Plaintiff's claims and that venue is proper in this district. Exxon Mobil denies that it committed acts of infringement in this judicial district, or any judicial district. Exxon Mobil denies that Plaintiff is entitled to relief.

4.  With respect to paragraph 4 of the Complaint, Exxon Mobil denies that United States Patent No. 5,204,819 (the "'819 Patent") was issued on April 20, 2003. Exxon Mobil admits that the '819 Patent, on its face, is entitled "Fluid Delivery Control Apparatus" and lists Michael C. Ryan as inventor. Exxon Mobil denies that the '819 Patent was duly and legally issued. Exxon Mobil admits that an ex parte reexamination certificate issued on November 21, 2006. Exxon Mobil is without sufficient knowledge or information to either admit or deny the assignment allegations contained in paragraph 4, and therefore denies them. Exxon Mobil admits that a copy of the '819 Patent is attached to the Complaint.

5.  With respect to paragraph 5 of the Complaint, Exxon Mobil admits that Plaintiff has paraphrased column 1, lines 5-10 of the '819 Patent.

6.  With respect to paragraph 6 of the Complaint, Exxon Mobil is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

7.  With respect to paragraph 7 of the Complaint, Exxon Mobil admits the allegations of the first sentence and the allegations of the fourth through ninth sentences. Exxon Mobil admits that it sells more than 60 million gallons of gasoline per year in the United States and admits that its total gross revenue in 2008 exceeded $55 billion. Otherwise, denied.

8.  With respect to paragraph 8 of the Complaint, Exxon Mobil denies the allegations.

9.  With respect to paragraph 9 of the Complaint, Exxon Mobil denies the allegations.

10. With respect to paragraph 10 of the Complaint, Exxon Mobil denies the allegations.

11. With respect to paragraph 11 of the Complaint, Exxon Mobil denies the allegations.

12. With respect to paragraph 12 of the Complaint, Exxon Mobil denies the allegations.

13. With respect to the Jury Demand, Exxon Mobil is not required to admit or deny. Exxon Mobil also requests a jury trial.

14. With respect to the Prayer for Relief in the Complaint, Exxon Mobil denies the allegations and denies that Plaintiff is entitled to any relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

15. Exxon Mobil has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable claim of the '819 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

### SECOND DEFENSE

16. On information and belief, the '819 Patent is invalid under one or more of the provisions in Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 132(a).

### THIRD DEFENSE

17.     On information and belief, all or some of Plaintiff's claims for relief are barred in whole or in part by the doctrines of estoppel and/or laches.

### FOURTH DEFENSE

18.     On information and belief, some or all of Plaintiff's damages, if any, are limited under 35 US.C. § 288.

### FIFTH DEFENSE

19.     On information and belief, some or all of Plaintiff's damages, if any, are limited under 35 US.C. §§ 287(a) as a result of Plaintiff's and/or its licensees' failure to mark.

### SIXTH DEFENSE

20.     The Complaint fails to state a claim upon which relief can be granted.

### SEVENTH DEFENSE

21.     To the extent that Plaintiff asserts claims and/or requests damages for alleged infringement of the '819 Patent before the USPTO issued a reexamination certificate for such patent, such claims and relief are barred by the doctrine of intervening rights, 35 U.S.C. § 252.

### EIGHTH DEFENSE

22.     Exxon Mobil has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

### MISCELLANEOUS

23.     Exxon Mobil reserves the right to plead additional defenses after adequate discovery, including that the '819 Patent ("the patent-in-suit") is unenforceable due to inequitable conduct of Applicant and/or his patent attorneys and/or others substantively involved in prosecution before the United States Patent & Trademark Office (the "Patent Office").

24. Exxon Mobil reserves the right to ask the Court to declare this case exceptional if it is determined that Plaintiff has brought or maintained the instant action without an adequate pre-filing investigation as to the basis or the sustainability of its claims as filed, or has engaged in patent misuse or anti-competitive conduct, or has engaged in objectively unreasonable, oppressive, vexatious, dilatory, or otherwise inappropriate conduct in conjunction with this action, discovery herein, or its overall course of conduct with respect to the '819 Patent.

## PRAYER

25. WHEREFORE, Exxon Mobil prays for judgment that:

   a. Plaintiff be denied all relief requested in its Complaint and take nothing;

   b. Judgment be entered that Exxon Mobil has not infringed, directly or indirectly, any valid or enforceable claim of the '819 Patent as properly construed, literally or under the doctrine of equivalents;

   c. Judgment be entered that the '819 Patent is invalid; and

   d. Exxon Mobil be awarded such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

26. Exxon Mobil brings the following counterclaims against Plaintiff Rydex, Ltd. ("Plaintiff"):

27. Exxon Mobil realleges and incorporates by reference the allegations of its Answer and Affirmative Defenses to the Complaint.

## THE PARTIES

28. Exxon Mobil is a New Jersey corporation.

29. Plaintiff Rydex, Ltd. is alleged to be an Iowa corporation.

## JURISDICTION AND VENUE

30. This is an action for a declaration that each and every claim of United States Patent No. 5,204,819 (the "'819 Patent") is invalid pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, et seq. and that each and every claim of the '819 Patent is not infringed, directly or indirectly, either literally or under the doctrine of equivalents. Accordingly, subject matter jurisdiction of this Court exists under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

31. An actual, substantial and continuing justiciable controversy exists between Exxon Mobil and Plaintiff with respect to which Exxon Mobil requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity of the '819 Patent and to Plaintiff's right to threaten and/or maintain a suit against Exxon Mobil for alleged infringement of the '819 Patent.

32. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF THE '819 PATENT

33. Exxon Mobil realleges and incorporates by reference the allegations of paragraphs 1-32 as though fully set forth herein.

34. This is an action for declaratory judgment under 28 U.S.C. §§ 2201, 2202 and Title 35 of the United States Code.

35. By the Complaint in this lawsuit, Plaintiff has alleged that it is the owner of the '819 Patent. Plaintiff has further alleged that Exxon Mobil has and is infringing directly, by inducing or contributing to the infringement, and/or infringing by equivalents the '819 Patent,

and that such alleged infringement is willful and has thereby damaged Plaintiff and will continue to damage Plaintiff.

36. Exxon Mobil's activities have not infringed, contributed to the infringement of, induced others to infringe, infringed by equivalents, or willfully infringed, and do not infringe, contribute to the infringement of, induce others to infringe, infringe by equivalents, or willfully infringe any valid and enforceable claim of the '819 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

37. The '819 Patent is invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 132(a).

38. On information and belief, all or some of Plaintiff's claims for relief are barred in whole or in part by the doctrines of estoppel and/or laches.

39. On information and belief, some or all of Plaintiff's damages, if any, are limited under 35 US.C. § 288.

40. On information and belief, some or all of Plaintiff's damages, if any, are limited under 35 US.C. §§ 287(a) as a result of Plaintiff's and/or its licensees' failure to mark.

41. To the extent that Plaintiff asserts claims and/or requests damages for alleged infringement of the '819 Patent before the USPTO issued a reexamination certificate for such patent, such claims and relief are barred by the doctrine of intervening rights, 35 U.S.C. § 252.

42. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Exxon Mobil and Plaintiff as to whether there exists any enforceable claim of the '819 Patent.

43. Exxon Mobil requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## PRAYER FOR RELIEF

Exxon Mobil prays for judgment as follows:

a. That this Court fully and finally dismiss Plaintiff's claims against Exxon Mobil and order that Plaintiff take nothing from Exxon Mobil;

b. That this Court find that the '819 Patent is invalid and not infringed;

c. That this Court award Exxon Mobil all of its costs of this action; and

d. That this Court grant Exxon Mobil such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Exxon Mobil demands a jury trial as to all elements so triable.

Respectfully Submitted,

*/s/ Lee L. Kaplan*

Lee L. Kaplan – Lead Attorney
State Bar No. 11094400
lkaplan@skv.com
Jeffrey A. Potts
State Bar No. 00784781
jpotts@skv.com
Garland D. Murphy
State Bar No. 24058010
gmurphy@skv.com
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 221-2323
(713) 221-2320 (fax)

ATTORNEYS FOR EXXON MOBIL CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 14, 2009.

*/s/ Lee L. Kaplan*

Lee L. Kaplan