IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD., <br> *Plaintiff(s),* <br><br> v. <br><br> EXXON MOBIL CORPORATION, <br> *Defendant(s).* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:09-cv-02722 <br><br> Judge Gray Miller |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE
*(Please **restate** the instruction in **bold** before furnishing the responsive information.)*

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

    The parties conducted a Rule 26(f) conference on December 17, 2009 by telephone. Counsel in attendance were as follows:

| **Counsel for Rydex** | **Counsel for Exxon Mobil** |
|---|---|
| Edward W. Goldstein <br> Texas Bar No. 08099500 <br> egoldstein@gfpiplaw.com <br><br> Stephen F. Schlather <br> Texas Bar No. 24007993 <br> sschlather@gfpiplaw.com <br><br> GOLDSTEIN, FAUCETT & PREBEG L.L.P <br> 1177 West Loop South, Suite 400 <br> Houston, Texas 77027 <br> (713) 877-1515 – Telephone <br> (713) 877-1737 – Facsimile | Lee L. Kaplan <br> Texas Bar No. 11094400 <br> lkaplan@skv.com <br><br> Jeffrey A. Potts <br> Texas Bar No. 00784781 <br> jpotts@skv.com <br><br> Land Murphy <br> Texas Bar No. 24058010 <br> lmurphy@skv.com <br><br> SMYSER KAPLAN & VESELKA, L.L.P. <br> 700 Louisiana Street, Suite 2300 <br> Houston, Texas 77002 <br> (713) 221-2300 – Telephone <br> (713) 221-2320 – Facsimile |

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**
   None.

3. **Briefly describe what this case is about.**
   This is a patent infringement case wherein Rydex has alleged infringement of U.S. Patent No. 5,204,819 by Exxon Mobil. Exxon Mobil has counterclaimed for a declaratory judgment of invalidity and non-infringement.

4. **Specify the allegation of federal jurisdiction.**
   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**
   All parties agree as to the Court's jurisdiction over this case.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**
   None at this time.

7. **List anticipated interventions.**
   None.

8. **Describe class-action issues.**
   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**
   Neither party has made its Rule 26(a) disclosures at this time. The parties have agreed to make such disclosures by March 1, 2010.

10. **Describe the proposed agreed discovery plan, including:**

   a. **Responses to all the matters raised in Rule 26(f).**

   b. **When and to whom the plaintiff anticipates it may send interrogatories.**
      Plaintiff anticipates it will send interrogatories to Defendant Exxon Mobil.

   c. **When and to whom the defendant anticipates it may send interrogatories.**
      Defendant anticipates it will send interrogatories to Plaintiff.

   d. **Of whom and by when the plaintiff anticipates taking oral depositions.**
      Plaintiff anticipates taking the oral depositions of certain corporate representatives of the Defendant, any experts identified by the Defendant.

   e. **Of whom and by when the defendant anticipates taking oral depositions.**
      Defendant anticipates taking the oral depositions of certain corporate representatives of Plaintiff, any experts identified by the Plaintiff, as well as third party witnesses on prior art and other potential defenses.

   f.
      i. **Specify the date experts for the party with the burden of proof on an issue will be designated and their reports provided to opposing party.**
         60 days following the Court's issuance of a Markman ruling on claim construction.

      ii. **Specify the date experts for the party not having the burden of proof on an issue will be designated and their reports provided to opposing party.**
         90 days following the Court's issuance of a Markman ruling on claim construction.

   g. **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**
      Plaintiff anticipates deposing all experts designated by the Defendant.

   h. **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**
      Defendant anticipates deposing all experts designated by Plaintiff.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**
    N/A.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**
    No discovery has been taken to date by either party.

**13. State the date the planned discovery can reasonably be completed.**
   The Parties anticipate that discovery can be completed within four months of the Court's issuance of a Markman ruling on claim construction.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**
   The parties met on October 9, 2009 to discuss settlement of the case. Settlement discussions remain ongoing.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**
   The parties have already met to discuss settlement and have agreed to continue such discussions in an attempt to promptly resolve this matter.

**16. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**
   The parties have already initiated settlement discussions and believe that mediation may be appropriate at some point later in the case.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**
   The parties do not consent at this time to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**
   Plaintiff has timely made a jury demand. Counter-plaintiff has timely made a jury demand.

**19. Specify the number of hours it will take to present the evidence in this case.**
   The parties currently estimate that it will take at least 20 hours per side to present evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**
   There are currently no pending motions.

**21. List other pending motions.**
   There are currently no pending motions.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**
   The parties are unaware of any issues that deserve the special attention of the Court.

**23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

Plaintiff has filed its Disclosure of Interested Persons as directed by the Order for Conference and Disclosure of Interested Persons.

Defendant has answered and will file its Disclosure of Interested Persons on or before December 31, 2009.

**24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

| **Counsel for Rydex** | **Counsel for Exxon Mobil** |
|---|---|
| Edward W. Goldstein<br>Texas Bar No. 08099500<br>egoldstein@gfpiplaw.com | Lee L. Kaplan<br>Texas Bar No. 11094400<br>lkaplan@skv.com |
| Matthew J.M. Prebeg<br>Texas Bar No.<br>mprebeg@gfpiplaw.com | Jeffrey A. Potts<br>Texas Bar No. 00784781<br>jpotts@skv.com |
| Stephen F. Schlather<br>Texas Bar No. 24007993<br>sschlather@gfpiplaw.com | Land Murphy<br>Texas Bar No. 24058010<br>lmurphy@skv.com |
| GOLDSTEIN, FAUCETT & PREBEG L.L.P<br>1177 West Loop South, Suite 400<br>Houston, Texas 77027<br>(713) 877-1515 – Telephone<br>(713) 877-1737 – Facsimile | SMYSER KAPLAN & VESELKA, L.L.P.<br>700 Louisiana Street, Suite 2300<br>Houston, Texas 77002<br>(713) 221-2300 – Telephone<br>(713) 221-2320 – Facsimile |

_Edward W. Goldstein_*   12-17-09
Counsel for Plaintiff(s)            Date

_Lee L. Kaplan_              12-17-09
Counsel for Defendant(s)         Date

\* by Lee L. Kaplan with Mr. Goldstein's permission