IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RYDEX, LTD., <br>   *Plaintiff,* <br><br> v. <br><br> EXXON MOBIL CORPORATION, <br>   *Defendant.* | § § § § § § § § | <br><br><br> CIVIL ACTION H-09-2722 <br><br> Judge Gray Miller |

### RULE 16 SCHEDULING ORDER

Anticipated Length of Trial: __10__ days    Jury: __X__    Non-Jury: ____

The disposition of this case will be controlled by the following schedule:

1. __January 15, 2010__    NEW PARTIES shall be joined by this date. The attorney causing such joinder must provide copies of this ORDER to the new parties.

2. __February 10, 2010__    Comply with P.R. 3-1 and P.R. 3-2: Plaintiff to make disclosure of asserted claims and preliminary infringement contentions & make document production.

   *After this date,* it is necessary to obtain leave of court to add and/or amend infringement contentions, pursuant to Patent Rule (P.R.) 3-7.

   Add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims before this date. Thereafter, it is necessary to obtain leave of court to add patents or claims.

3. __March 22, 2010__    Comply with P.R. 3-3 and 3-4: Defendant to serve preliminary invalidity contentions and make document production.

   *After this date,* it is necessary to obtain leave of court to add and/or amend invalidity contentions, pursuant to P.R. 3-7.

4. __April 1, 2010__    Comply with P.R. 4-1: Parties' exchange of proposed terms and claim elements needing construction.

1

| | | |
|---|---|---|
| 5. | **May 3, 2010** | Comply with P.R. 4-2: **Parties' exchange of preliminary claim constructions and extrinsic evidence.** |
| | | **Privilege Logs** to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| 6. | **June 21, 2010** | Disclosure of claim construction experts & service of FED. R. CIV. P. 26(a)(2) materials. |
| 7. | **July 20, 2010** | Discovery deadline on claim construction issues (*see* P.R. 4-4). |
| 8. | **August 3, 2010** | Joint Claim Construction Statement must be filed by this date. |
| 9. | **August 10, 2010** | Plaintiff and Defendant must serve and file their opening Claim Construction Briefs with supporting evidence, providing the Court with 2 copies of the binders containing the Opening Brief and exhibits. |
| 10. | **September 10, 2010** | The Parties must serve and file any Responsive Claim Construction Brief and supporting evidence due and the moving party is to provide the Court with two (2) courtesy copies of the Responsive Brief and exhibits. |
| 11. | **September 10, 2010** | Parties to file a notice with the Court stating the estimated amount of time requested for the Claim Construction (*Markman*) Hearing. The Court will notify the parties if it is unable to accommodate this request. |
| 12. | **September 20, 2010** | Parties to submit **Claim Construction Chart** in WordPerfect 8.0 (or higher) format in compliance with P.R. 4-5(d). |
| 13. | **September 27, 2010** | Claim Construction (*Markman*) Hearing at 10 a.m. at the United States District Court, 515 Rusk Street, Courtroom 9-F, Houston, Texas. |
| 14. | **60 days after Markman ruling** | **AMENDMENTS** to pleadings by Plaintiff or Counter-Plaintiff shall be made by this date. Absent parties' agreement or court approval, |

|   |   |   |
|---|---|---|
|   |   | answers may not be amended more than 20 days after this date. Answers to amended claims and counterclaims are due 20 days after amended claims or counterclaims are filed. |
| 15. | **60 days after Markman ruling** | Expert Witnesses for the Party with the Burden of Proof on an Issue shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion. |
| 16. | **90 days after Markman ruling** | Expert Witnesses for the Party not having the Burden of Proof on an Issue for shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion. |
| 17. | **120 days after Markman ruling** | **DISCOVERY** must be completed by this date. Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under Federal Rules of Civil Procedure to respond until after the deadline. |
| 18. | **60 days after Markman ruling** | **MEDIATION/ADR** to be completed by this date or the parties shall file a report stating why Mediation/ADR is not appropriate. |
| 19. | **120 days after Markman ruling** | **DISPOSITIVE MOTIONS** to be filed by this date. |
| 20. | To be determined | **ALL OTHER PRETRIAL MOTIONS** (including *Daubert/Kumho* motions, but **not** including other motions in limine) will be filed by this date. |
| 21. | To be determined | **JOINT PRETRIAL ORDER** shall be filed on or before this date. Plaintiff is responsible for timely filing the complete Joint Pretrial Order in the form set forth in the published Court Procedures. |
| 22. | To be determined | **DOCKET CALL** is held in Courtroom 9D starting at 10:00 a.m. on this date. Absent parties' agreement or court approval, no documents filed within five (5) days before the Docket Call will be considered at Docket Call. |

3

All communications concerning the case shall be directed in writing to Rhonda Moore-Konieczny, Case Manager for United States District Judge Gray H. Miller, P.O. Box 61010, Houston, Texas 77208, or cm4141@txs.uscourts.gov.

Signed: December 22, 2009

_____
Gray H. Miller
United States District Judge

AGREED:

_Edward W Goldsten_ *          12-17-09
Counsel for Plaintiff – Rydex Ltd.          Date

_Lee L. K_                     12-17-09
Counsel for Defendant – Exxon Mobil Corporation          Date

\* by Lee Kaplan with Mr. Goldstein's permission

4